UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| TANGELA R. SCOTT, ) | No. 10 B 43343 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION ON WATERS'S
## MOTION FOR RELIEF FROM STAY [Docket No. 18]

Alfonso Waters has moved for relief from the automatic stay in Tangela Scott's Chapter 13 bankruptcy case in order to proceed with a tax deed proceeding in state court. For reasons discussed below, Waters's motion will be granted.

### UNDISPUTED BACKGROUND AND FACTS

Scott owns real property at 3421 West Madison Street in Chicago, Illinois, where her mother operates a car wash business. Scott did not pay the 2006 general real estate taxes on the property, so on August 15, 2008, her property was sold for the delinquent taxes pursuant to Illinois law. The purchaser at that sale was JAE Investments, Inc., which subsequently assigned its certificate of purchase to Waters on April 1, 2010.

Pursuant to state law, Waters filed his petition for a tax deed on May 4, 2010, although the period under Illinois law to redeem the real estate taxes did not expire under state law until September 10, 2010. That petition was still pending when, on September 8, 2010, Scott filed for bankruptcy under Chapter 13. The automatic stay of 11 U.S.C. § 362 now prevents Waters from continuing to prosecute his tax deed petition in order to acquire the property.

Scott filed her Chapter 13 Plan on September 28, 2010. That Plan provides for payment of the past due taxes on the property. To date, Debtor has not redeemed the real estate taxes.

## DISCUSSION

As the parties presented it, this case involved a complex issue that has divided the bankruptcy judges in this District: Whether a debtor can redeem from a property tax sale through a Chapter 13 plan even though the redemption period expires during pendency of the bankruptcy case. *Compare In re Kasco*, 378 B.R. 207 (Bankr. N.D. Ill. 2007) (Hollis, J.) (debtor can do so), *with In re Murray*, 276 B.R. 869 (Bankr. N.D. Ill. 2002) (Squires, J.) (debtor cannot). However, resolution of that issue does not decide this case. The problem with Scott's theory is that she cannot afford to pay real estate taxes, not before and not after the bankruptcy case was filed.

A creditor may obtain relief from the automatic stay "for cause, including lack of adequate protection . . . ." 11 U.S.C. § 362(d)(1). Adequate protection may be provided through cash payments, replacement liens, or some other relief though which the creditor realizes the "indubitable equivalence" of its interest in a debtor's property. *Id.* § 361.

As of the hearing on Waters's motion, Scott had already missed one post-petition real estate tax installment that was due on December 13, 2010. There was an additional payment due after the hearing, on April 1, 2011. Scott herself did not have the funds to make either payment, arguing instead that her mother, who operates a car wash on the property, was responsible for making real estate tax payments out of her business revenue. However, Scott did not show that her mother would in fact be able to make either payment, or that in fact she did so. When payments are missed, the property can again be sold at a tax sale, which Waters must redeem from before he can obtain a tax deed on account of his earlier purchase. 35 Ill. Comp. Stat.

200/22-40(a) (tax deed may issue only if, among other things, "all forfeitures and sales which occur subsequent to the sale have been redeemed"); *In re County Treasurer of Cook County*, 905 N.E.2d 953, 956 (Ill. App. Ct. 2009). Given the missed payments and the great risk that another tax buyer may intercede, Waters's interest in Scott's property is therefore not adequately protected.

## CONCLUSION

Because Waters's interest in Scott's property is not adequately protected, his motion for relief from stay will be granted by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of May, 2011.